■ DINO NEFERIS, Appellant, v. LAWRENCE CUMMINGS, Respondent.— Plaintiff appeals from a judgment entered upon a verdict of no cause of action. He was injured when the automobile in which he was a passenger, and which was being operated by defendant, left the highway and tipped over on its side. We find no sufficient evidence of negligence on the part of plaintiff and conclude that the verdict of no cause of action was contrary to the weight of the evidence, whether plaintiff's version or that of defendant be credited. Defendant said: "This car ahead of me had turning signals on to turn right. I was in third gear. I pulled to the left. This car made an obvious effort to turn left. Whether it did or not I didn't know; I thought he was going to turn left. I pulled too far to the left, got off the shoulder of the road, hit a mound or pile of dirt or where a tree had been cut off and went in the air." Upon his own proof, defendant was negligent, or the weight of the evidence so indicates, in the first instance in attempting to overtake the car on a very narrow road, without giving a signal, or at least, and in view of the other car's directional signal, without waiting to see whether that car would turn into one or the other of the intersecting roads in view immediately ahead; and, further, in failing to stop or to bear to the right when he "thought [the other car] was going to turn left", since the other car was then 40 to 50 feet ahead and still moving ahead and his own car was proceeding at a speed no greater than "in the thirties". Plaintiff's version, if accepted, would also render the verdict contrary to the weight of the

evidence, in that defendant was operating his small car at a rate of speed excessive for the narrow road and successive sharp curves, so that at the last curve, with no diminution of speed and no application of brakes, the car skidded sideways, rolled over on the right side and over a bank. Plaintiff said that he "observed" no car ahead, at least (in the words of cross-examining counsel) in the "split-second" after he looked up on hearing the tires squealing on the curve. Judgment reversed, on the law and the facts, with costs to appellant, and a new trial ordered. Gibson, P. J., Herlihy, Aulisi and Hamm, JJ., concur; Reynolds, J., dissents and votes to affirm.